Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 14 | **DATE** | 5/17/2000 |
| **CASE TITLE** | MICHAEL CRANDALL vs. CITY OF CHICAGO, et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 6/23/00 at 9:30A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants Chicago Police Sergeant, Patrick Gillespie's motion to dismiss is hereby granted in part and denied in part. This court retains jurisdiction in order to allow plaintiff 30 days within which to amend his complaint if he believes he can, in good faith, do so.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 2 2 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 15 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| TBK | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL CRANDALL )
)
Plaintiff, ) No. 00 C 14
) Judge Ronald A. Guzman
CITY OF CHICAGO, J. HILLIARD, )
In his capacity as superintendent of the )
department of police, and these individuals: )
OFFICER, Sergeant GILLESPIE, )
OFFICE JOHN DOE2 )
)
Defendants. )

DOCKETED
MAY 22 2000

## MEMORANDUM OPINION AND ORDER

Pending is Chicago Police Sergeant, Patrick Gillespie's ("Gillespie") motion to dismiss plaintiff Michael Crandall's ("Crandall") complaint pursuant to 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below this motion is hereby granted in part and denied in part.

## BACKGROUND FACTS

The following facts are drawn from Crandall's six count complaint.[1] At approximately 5:00 p.m. on April 30, 1999, Michael Crandall, Janae Mauer, Ryan Nagle, Debbie King, Trisha

---

[1] Plaintiff's complaint consists of Count I, II, IV, V, VI and VII. Count III is missing.

1

Kelipeleole, Nick and Colleen Bolte and Kal Koestner were leaving a Chicago Cubs game. As they walked down the street a police car stopped in the middle of the road. The officer exited the stropped vehicle and began pursuit of Ryan Nagle. A Sergeant Gillespie grabbed Ryan Nagle and started walking him back to the squad car. Upon arrival to the car, Michael Crandall asked the Sergeant why Ryan Nagle was being arrested. The Sergeant responded with a profane remark. Michael Crandall again asked the Sergeant why Ryan Nagle was being arrested. The Sergeant then responded, "Do you want to join him smart ass?" The Sergeant then put Ryan Nagle into the squad car. Nagle's girlfriend, Janae Mauer, began yelling at the Sergeant, "This is crazy...Ryan did not do anything." The Sergeant again responded, "shut up unless you all want to join him." As Colleen Bolte continued to question the Sergeant, the Sergeant violently grabbed her and slammed her on top of the police car. Bolte's husband questioned the Sergeant as to why his wife was being handled in a violent manner when she was just inquiring as to why Ryan Nagle was being arrested. Nick Bolte was subsequently grabbed and slammed on top of the second police car by Officer John Doe 1. At this point, Michael Crandall and Janae Mauer, were violently tackled from behind by a plain-clothes, Officer John Doe 2, forcing both to hit the pavement very hard. Officer John Doe 2 then struck his knee into Michael Crandall's back, placed hand cuffs on his person, picked him up and threw him into the police car causing injury to Crandall's right biceps, left and right knee and a cut to his lip. Crandall was subsequently arrested and falsely imprisoned for three hours. On April 30, 1999 Crandall pled guilty to the charge of disorderly conduct and received a sentence consisting of supervision for six months.

Count I alleges a false arrest claims against "Sergeant [sic], Officer John Doe 2" under 42 U.S.C. § 1983, Count II alleges a false imprisonment claim against "the Sergeant and John Doe

2" apparently under the Fourteenth amendment; Count IV alleges an assault claim against John Doe 2 under 42 U.S.C. § 1983; Count V alleges a battery claim against John Doe 2 under 42 U.S.C. § 1983; Count VI sets forth a claim for intentional infliction of emotional distress under Illinois law against "The Sergeant and John Doe2"; Count VII alleges a claim against the City of Chicago and the Chicago Police Department claiming that "they were aware of a pattern of behavior" by "Sgt. Gillespie, Officer John Doe 2 and other officers of the Chicago Police Department in violating the rights of individuals."

## DISCUSSION

Dismissal on the pleading is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Kunik v. Racine County, Wisconsin*, 946 F. 2d 1574, 1579 (7th Cir. 1991)(quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed 2d 59 (1984). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the suit. *Gibson v. City of Chicago*, 910 F. 2d 1510, 1520 (7th Cir. 1990). A dismissal for failure to state a claim is improper "unless it appears beyond a doubt that the plaintiff can prove no set of facts to support his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 98 S. Ct. 2118, 56 L. Ed 2d 611 (1957). At this juncture it is not a function of the court to determine whether the plaintiff will prevail, but only that plaintiff pleaded sufficient facts to proceed.

### A. False Arrest & False Imprisonment

The court broadly construes Crandall's complaint as raising a claim for false arrest, false imprisonment, violations of 42 U.S.C. § 1983 and claims under Illinois Common Law. False

3

arrest claims are measured under the Fourth Amendment "reasonableness" standard and not the substantive due process analysis. *Graham v. Connor*, 490 U.S. 386, 394, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); see also *Tesch v. County of Green Lake*, 157 F. 3d 465, 471 (7th Cir. 1998). A fourth amendment claim such as false arrest, is applied to the local police through the Fourteenth amendment. Hence, while Crandall's Fourteenth Amendment claim lacks legal merit his false arrest and false imprisonment claims under the Fourth Amendment require further analysis.

To prevail on the claims for false arrest and imprisonment under the Fourth Amendment, the plaintiff must prove that the police arrested him without probable cause. *Jones by Jones vs. Web*, 45 F.3rd 178, 181 (7th Cir.1995). The Seventh Circuit has twice held that a conviction for the underlying offense bars a Section 1983 claim alleging lack of probable cause. It has done so on two distinct theories. In *Currier Vs. Baldridge*, 914 F. 2nd 993, 996 (7th Cir. 1995) the court based its analysis on a traditional collateral estoppel theory. In *King Vs. Goldsmith*, 897 F. 2nd 885, 886 (7th Cir. 1990), cert denied 513 U. S. 1127, 115 S. Ct. 937, 130 L. Ed. 2d 882, rehearing denied by 514 U.S. 1032, 115 S. Ct. 1394, 131 L. Ed.2d 245 the court appeared to rely on a per se, rule that a conviction establishes probable cause for an arrest. In *Lang vs. City of Round Lake Park, 87 F. Supp.2d 836 (N.D. Illinois, 2000)* Judge Kennelly recently discussed the precise question before us. He concluded that:

> A guilty plea in a state court criminal case can have a preclusive effect in a later action under § 1983, but its actual effect can only be determined based on the law of the state in which the judgment was rendered. See *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). In Illinois, the doctrine of collateral estoppel, otherwise known as issue preclusion, precludes relitigation of an issue in a later proceeding only if, among other things, the issue was actually litigated and decided on the merits and its resolution was necessary to the result in the case

4

(citations omitted). In this case, there is no indication that the state court judge who heard Lang Sr.'s criminal case determined, or was asked to determine, that there was probable cause to arrest, let alone that such a determination was necessary to the judgment in that case. Thus under Illinois law, the finding of guilt would not preclude Lang Sr. from contending in this case that probable cause to arrest was lacking.

The facts in the *Lang* case are similar to those in the case at bar in some important respects. In *Lang* the plaintiffs was arrested for hit and run, improper lane usage, driving under the influence, and assault. The arresting officer witnessed the events which, allegedly, gave rise to the arrest and charges. Ultimately the plaintiff pled guilty to a charge of driving under the influence of alcohol. Apparently, the other charges were either dropped or not filed. The defendants argued that plaintiff's later guilty plea to driving under the influence establishes as a matter of law that there was probable cause to arrest him. However, in rejecting that claim the court points out that probable cause, of course, depends upon the arresting officer's state of mind at the time of the arrest and that there's no indication in the record that the state court judge who heard the criminal case determined, or was asked to determine, that there was probable cause to arrest. Neither, of course, is there any indication that such a determination was necessary to the entry of the judgment of guilt as to the driving under the influence charge. Under Illinois law, then, such a finding of guilt would not preclude plaintiff from subsequently contending that there was no probable cause for his arrest.

Similarly, in the case at the bar, the plaintiffs was arrested and charged with disorderly conduct and aggravated assault. In court the aggravated assault charge was dismissed (stricken on leave to reinstate with a demand for trial) and plaintiff pled guilty to disorderly conduct. As in the *Crandall* case, plaintiff disputes that he did the things the arresting officer alleges he did and

5

therefore he disputes the existence of the facts upon which probable cause is based. There is nothing in the record to indicate that the trial court even remotely considered the state of the officer's mind at the time of the arrest. On the contrary, it appears that plaintiff's plea was one of several taken pursuant to a plea bargain and in exchange for the dismissal of the potentially more serious offense of aggravated assault. There was no stipulation has to the facts underlying the charge and no determination as to the constitutionality of the arrest. However, in one important respect the case before us differs from *Lang*. As pointed out in *Lang*:

> It is not particularly uncommon for the police to develop significant evidence after arresting a suspect that ultimately is the critical evidence leading to a conviction. Indeed, that is likely what occurred here. Lang Sr.'s guilty plea likely was based on matters not within Robinson's knowledge at the time he initially seized Lang Sr.--in particular the breath test administered to him at the Fox Lake police station. In sum, the issues of probable cause to arrest and proof of guilt are, at least in this case, materially different.

It is not likely that such a difference exists in the case at bar for the charge of disorderly conduct to which plaintiff pled guilty appears to be predicated solely upon the observations of the eyewitness arresting officer which, in turn, are the same facts upon which probable cause is based. And, in pleading guilty to these charges the plaintiff may, in fact, be admitting to the arresting officer's version of the pre-arrest events which also form the basis for the arresting officer's probable cause to arrest.

We are here concerned, however, with a motion to dismiss. Such a motion is not an appropriate vehicle for fact based determinations. The question which we must concern ourselves with at this stage of the proceedings is simply whether or not the movant has established that

plaintiff can prove no set of facts under these pleadings which would allow him to establish liability for false arrest. This question in turn depends in part, at least, upon the effect to be given his plea of guilty. Does it collaterally estop him from denying the underlying facts of the disorderly conduct charges against him - which are also the facts upon which probable cause to arrest him is predicated? If so, then the motion to dismiss must be granted. If not, then the motin is premature. The doctrine of collateral estoppel does apply to Section 1983 actions. *Allen v. McCurry*, 449 U.S. 90, 96-105 (1980). There exists, however, a split in the Seventh Circuit as to the preclusive effect in a civil action of a guilty plea in a previous state criminal action. In *Country Mut. Ins. Co. v. Duncan*, 794 F.2d 1211, 1115 (7th Cir.1986), our circuit held that a guilty plea is not conclusive as to the facts underlying the plea and is subject to explanation at a subsequent trial. In two subsequent cases the Seventh Circuit ruled that a guilty plea *is* preclusive as to the underlying facts of the plea. See *Rodriguez v. Schweiger*, 796 F.2d 930, 933 (7th Cir.1986), cert. denied, 481 U.S. 1018 (1987) and *Appley v. West*, 832 F.2d 1021, 1026 (7th Cir.1987). Thus it appears that the most recent precedent establishes that a guilty plea does have a preclusive effect. Plaintiff, then, is deemed to have conclusively admitted all of the underlying facts to the disorderly conduct complaint. But what are those facts? There was no written plea agreement and no stipulation to any facts to support the guilty plea. We can, however, take judicial notice of the *Misdemeanor Complaint No.* 99219953 to which plaintiff pled guilty. (*Doherty v. City of Chicago*, 75 F.3d 318, 325, N.4 (7th Cir. 1996)). The complaint, attached as an exhibit to defendant's motion to dismiss, accuses plaintiff of the following:

> "P.O. R. Thompson #8705 complaint, now appears before The Circuit Court of Cook County and states the following: That: Mike Crandell of 743 academy No. 1 Kal MI. has, on or about 30, Apr.

7

> 99 at the location of 3611 N. Sheffield committed the offense of Disorderly Conduct in that he knowingly and intentionally refused to desist and leave the area while a fight was in progress as to alarm and disturb citizens and provoke a breach of peace causing a 10-1 disturb.in violation of 720 Ill. Compiled statutes 5/2 6 – 1 (n)(1).

These then, are the facts which plaintiff has admitted. They are sufficient to establish probable cause to arrest for disorderly conduct. Plaintiff is estopped from denying these facts and, therefore, from denying the existence of probable cause because there is no issue that the arresting officer observed the facts admitted by the plea. The officer's state of mind at the time of the arrest, therefore, has been established.

### B. Intentional Infliction of Emotional Distress

In order to state a cause of action under Illinois law for intentional infliction of emotional distress, a plaintiff must allege that: (1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended that his conduct should inflict severe emotional distress, or knew there was a high probability that his conduct would cause severe emotional distress; and (3) the defendant's conduct in fact caused severe emotional distress. *Doe v. Calumet City*, 161 Ill. 2d 374, 392, 204 Ill. Dec. 274, 641 N. E. 2d 498, 506 (Ill. 1994); *Oates v. Discovery Zone*, 116 F. 3d 1161, 1174 (7th Cir. 1997), citing *McGrath v. Fahey*, 126 Ill. 2d 78, 127 Ill. Dec. 724, 533 N. E. 2d 806, 809 (Ill. 1988). Whether particular conduct is extreme and outrageous is judged on an objective standard based on all the facts and circumstances of a particular case. *Doe v. Calumet City*, 161 Ill. 2d at 392, 204 Ill. Dec. 274, 641 N .E. 2d at 506. Officer's insults and use of derogatory names, while abusive and insulting, are not so outrageous and extreme as to transcend

all possible bounds of human decency. *Oates v. Discovery Zone,* 116 F. 3d at 1174.

Construing the allegations in the complaint in the light most favorable to Crandall, the court finds that he has failed to allege sufficient facts or the necessary degree of outrageousness to state a claim against Sergeant Gillespie for intentional infliction of emotional distress under Illinois law. Accordingly, Count VI of Crandall's complaint is dismissed with prejudice.

## CONCLUSION

Gillespie's motion to dismiss (# 10 ) is granted as to Count I, false arrest, Count II, false imprisonment, Count VII alleging pattern and practice as to the City of Chicago and Count VI, intentional infliction of emotional distress. This leaves only Count IV, assault, and Count V, battery. These are state common law counts as to which the court would ordinarily decline to exercise pendant jurisdiction. However, Count V, denominated as a "BATTERY" count also alleges a deprivation of the plaintiff's constitutional rights "as protected by 42 U.S. 1983". We glean the possibility from this confusing mixture of a state common action with language seemingly asserting a constitutional violation, that plaintiff is attempting to allege a 42 U.S.C. Sec. 1983 excessive force claim. We therefore retain jurisdiction in order to allow plaintiff 30 days within which to amend his complaint in this regard if he believes he can, in good faith, do so.

**SO ORDERED**     ENTERED: May 17, 2000

HON. RONALD A. GUZMAN
United States Judge